UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL B. DORSEY,
      Plaintiff

v.

ENTERPRISE LEASING, *et al.*,
      Defendants

Civil Action No. 14-800 (CKK)

**MEMORANDUM OPINION**
(January 21, 2015)

Before the Court is Plaintiff's [16] Motion for Judgment Against PNC Bank, Enterprise Rental and Equifax, filed on May 28, 2014.[1] In this motion, Plaintiff seeks a judgment against each of the three defendants, primarily arguing that each defendant failed to respond properly to Plaintiff's complaint. Because each of the three defendants properly responded to Plaintiffs complaint as allowed by the relevant rules and by this Court's previous orders, Plaintiff's Motion for Judgment is DENIED. The Court discusses each of these defendants in turn.

**Timeline.**[2] A brief review of the timeline of filings in this case is instructive:

- On April 3, 2014, Plaintiff filed the underlying action in the D.C. Superior Court.
- On April 11, PNC Bank was served.
- On April 21, Equifax was served.
- On April 28, Plaintiff filed an Amended Complaint.
- On May 1, PNC Bank filed its Motion to Dismiss.
- On May 12, Equifax removed the case to this Court.
- On May 19, Equifax filed an answer to the complaint.
- On November 9, Plaintiff requested that Enterprise waive service, and Enterprise filed the waiver of service of summons on November 18.
- On January 6, 2015, Enterprise filed a motion to dismiss.

**PNC Bank.** With respect to PNC Bank, Plaintiff first argues that judgment is warranted because PNC Bank failed to respond to Plaintiff's complaint in a timely fashion. However, the Court previously determined that PNC Bank filed a timely motion to dismiss in response to Plaintiff's Complaint, satisfying its obligation to respond. *See* Order dated May 20, 2014, ECF No. 9, at 2-3. Specifically, PNC Bank was required to file its responsive pleading within 10 days of the service of the amended complaint,

---

[1] For the purposes of this motion, the Court refers to each defendant using the name that Plaintiff uses in his Motion for Judgment.

[2] All dates refer to 2014 unless otherwise specified.

which occurred on April 28, 2014. *See* D.C. Sup. Ct. R. Civ. P. 15. When PNC Bank filed its motion to dismiss on May 1, 2014, it complied with this deadline. Therefore, PNC Bank had fully complied with its obligation to respond to the complaint before this matter was removed to this Court.

Plaintiff next argues that judgment is warranted because PNC Bank did not inform Plaintiff of its Motion to Dismiss. However, because a motion to dismiss is a dispositive motion, the local rules do not impose any duty to confer with an opposing party prior to filing such a motion. *See* LCvR 7(m).

Finally, insofar as Plaintiff attempts to respond, in this motion, to arguments in PNC Bank's Motion to Dismiss, those arguments are not properly considered regarding the motion for judgment. Accordingly, judgment against PNC Bank is not warranted.

**Equifax.** Plaintiff argues that Equifax did not respond to the complaint within the time allowed. However, Equifax complied with all applicable deadlines. When an amended complaint is filed, a defendant must file a responsive pleading "within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer." D.C. Sup. Ct. R. Civ. P. 15(a). Because Equifax was served with the original complaint on April 21, and Plaintiff filed his amended complaint on April 28, the operative deadline remained 20 days after the date of service of the *original* complaint. *See id.*; D.C. Sup. Ct. R. Civ. P. 12(a). Because that date, May 11, was a Sunday, the actual deadline was the following day, May 12. *See* D.C. Sup. Ct. R. Civ. P. 6. Because Equifax removed the case to this Court on May 12, Equifax was required to respond within seven days of that date. *See* Fed. R. Civ. P. 81(c)(2). By filing its answer on May 19, Equifax complied with that deadline. Therefore, judgment against Equifax is not warranted.

**Enterprise.** With respect to Enterprise, this defendant had not yet been properly served when Plaintiff filed his Motion for Judgment. Indeed, as of November 17, 2014, Plaintiff had not yet filed proof of service on the docket. *See* Order dated November 17, 2014, ECF No. 33. Subsequently, Enterprise RAC Company of Maryland, LLC, waived service pursuant to Plaintiff's request. *See* Waiver of the Service of Summons, filed Nov. 18, 2014, ECF No. 34. Enterprise filed a Motion to Dismiss on January 6, 2015, complying with its obligation to respond within 60 days of November 9, 2014, when the request for a waiver was sent. Accordingly, judgment against Enterprise is not warranted.

*In sum*, Plaintiff's Motion for Judgment is DENIED with respect to all defendants. An appropriate Order accompanies this Memorandum Opinion.

Dated: January 21, 2015

                                               /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge