# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MICHAEL B. DORSEY,
        Plaintiff

        v.

ENTERPRISE LEASING, *et al.*,
        Defendants

Civil Action No. 14-800 (CKK)

## MEMORANDUM OPINION
(August 13, 2015)

Plaintiff Michael Dorsey, proceeding *pro se*, brought this action against Defendants PNC Bank, N.A., Enterprise,[1] and Equifax. On January 26, 2015, the Court dismissed with prejudice Plaintiff's claims against PNC Bank for failure to state a claim. Now before the Court are Plaintiff's [48] Motion for Reconsideration of Order in Favor of Defendant PNC Bank and Defendant Enterprise's [38] Motion to Dismiss. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record as a whole, the Court DENIES Plaintiff's [48] Motion for Reconsideration and GRANTS Enterprise's [38] Motion to Dismiss. The Court first concludes that Plaintiff has not provided a basis for the Court to reconsider its previous decision

---

[1] In this action, there has been much confusion about the name and corporate identity of Defendant Enterprise. It now appears that the correct corporate name for Defendant Enterprise is Enterprise RAC Company of Maryland, LLC. The Court refers to that entity as "Enterprise."

[2] The Court's consideration has focused on the following documents:

- Complaint, ECF No. 5-1 ("Compl.");
- Amended Complaint, ECF No. 1-3 ("Am. Compl.");
- Def. Enterprise's Mot. to Dismiss, ECF No. 38;
- Pl.'s Opp'n to Def. Enterprise Leasing's Mot. to Dismiss, ECF No. 40 ("Pl.'s Opp'n");
- Def.'s Enterprise's Reply Br. in Supp. of Mot. to Dismiss, ECF No. 41;
- Pl.'s Opp'n to Def. Enterprise Leasing's Add'l Pleading, ECF No. 47;
- Pl.'s Mot. for Reconsideration of Order in Favor of Def. PNC Bank, ECF No. 48; and
- Def. PNC Bank, N.A.'s Opp'n to Pl.'s Mot. for Reconsideration, ECF No. 49.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

dismissing the claims against PNC Bank. The Court will not repeat its analysis and legal conclusions stated in its January 26, 2015, Memorandum Opinion, ECF No. 46, through which the Court dismissed all claims against PNC Bank. Accordingly, the Court incorporates and makes part of this Memorandum Opinion the Memorandum Opinion that was issued that day, ECF No. 46. Next, the Court concludes the Plaintiff has not stated a claim against upon which relief may be granted, and therefore, the Court DISMISSES WITHOUT PREJUDICE all claims against Defendant Enterprise.

## I. BACKGROUND

The facts underlying this case are far from clear, and the Court recites the facts only as they pertain to the Court's resolution of Enterprise's Motion to Dismiss. For the purposes of this motion, the Court accepts as true the factual allegations in Plaintiff's Complaint.[3] The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014).

Plaintiff claims that on or about May 2, 2011, PNC Bank improperly allowed money to be taken from his checking account to defray a debt associated with his son. Compl. at 4. Plaintiff does not provide the PNC account number at issue or suggest that he is aware of the account number but unwilling to provide it in a public document. *See generally id*. Plaintiff claims that this debt was the result of a bogus claim from Equifax, another defendant in this action, which caused him to become a debtor to Enterprise, the third defendant in this action. *Id*.

---

[3] Plaintiff amended his complaint only for the purpose of attempting to name the correct Enterprise entity as a defendant. For all other purposes, Plaintiff incorporated the original complaint. *See* Am. Compl. at 1. Accordingly, the Court refers to the original complaint throughout this Opinion.

In his Complaint, Plaintiff alleges that on or about May 2, 2011, Defendant Enterprise charged Plaintiff's Visa card approximately $950 to cover the cost of renting a vehicle that Plaintiff claims he did not rent. *Id.* at 2. It appears that the alleged debit by Enterprise and the removal of money from the PNC account are two sides of the same coin, referring to the same transaction. *See* Pl.'s Opp'n at 2. However, in Plaintiff's Opposition to Enterprise's Motion to Dismiss, Plaintiff states that "there is no such accusation that this petitioner's credit or debit card was used. The charge was an illegal debit to this petitioner's checking account for a rental that this petitioner did not approve, rent, or cause to be rented." Pl.'s Opp'n at 2.

## II. LEGAL STANDARD

"The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Flythe v. D.C.*, 4 F. Supp. 3d 216, 218 (D.D.C. 2014) (quoting *Isse v. Am. Univ.,* 544 F. Supp. 2d 25, 29 (D.D.C. 2008)). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.'" *Cobell v. Norton,* 355 F. Supp. 2d 531, 540 (D.D.C. 2005). In general, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta,*  177 (D.D.C. 2011) (quoting *Zeigler v. Potter,* 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), nonetheless, a "*pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994).

"[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

The Court first discusses Plaintiff's Motion for Reconsideration, regarding the Court's previous dismissal of the claims against Defendant PNC Bank. The Court then turns to Defendant Enterprise's Motion to Dismiss.

### A.  Plaintiff's Motion for Reconsideration

As explained above, "a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Stewart v. Panetta,* 826 F. Supp. 2d at 177 (citation omitted). Because Plaintiff has identified no such bases that warrant reconsideration by the Court, the Court denies Plaintiff's Motion for Reconsideration.

Plaintiff primarily argues that the Court should not have dismissed this case before allowing for discovery and/or trial because Plaintiff is proceeding *pro se* in this action. However, Plaintiff is incorrect in his suggestion that, simply because Plaintiff is proceeding *pro se*, the Court cannot dismiss claims for failure to state a claim. As explained above, "[a] *pro se* complaint, such as [Plaintiff's], 'must be held to less stringent standards than formal pleadings

drafted by lawyers.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted). "But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Id.* at 681-82 (quoting *Iqbal*, 556 U.S. at 678). In its Memorandum Opinion issued on January 26, 2015, the Court concluded that Plaintiff has not pled factual matter that would allow the claims against PNC Bank to survive a motion to dismiss, and Plaintiff has provided nothing in his motion for reconsideration to cause the Court to disturb that conclusion.

Plaintiff emphasizes that he is submitting "Exhibit A" attached to his motion. However, the new evidence is immaterial because the Court assumes the well-pled allegations in Plaintiff's Complaint to be true for the purpose of resolving a motion to dismiss. In any event, "Exhibit A" only include a fragment of what appears to be a bank statement—notably showing neither the name of the account holder nor the name of the bank—which does not undermine any statement of the Court in its previous opinion. Indeed, it appears that Plaintiff purports to use Exhibit A to show that a debit of the amount of $950 was removed from his account. *See* Pl.'s Mot., Ex. A. However, the exhibit only shows a debit of $951.42, described in that exhibit as a check card purchase, which appears to be dated "05/12," one year after Plaintiff claims that Enterprise wrongly caused $950 to be debited from his account. The submission of this "new evidence" is immaterial and does not provide a basis for the Court to reconsider its previous decision. Nor has Plaintiff demonstrated an intervening change in the law or clear error of law by the Court.

Accordingly, Plaintiff has not provided grounds that warrant this Court reconsidering its previous decision to dismiss all claims against PNC Bank. For the reasons stated in this

Memorandum Opinion and for the reasons stated in the Court's January 26, 2015, Memorandum

Opinion, Plaintiff's Motion for Reconsideration is DENIED.[4]

**B.  Enterprise's Motion to Dismiss**

The essence of Plaintiff's claim against Enterprise appears to be that Enterprise caused

$950 to be debited from his account with PNC Bank on or about May 2, 2011. Compl. at 2, 4.

Not only does Plaintiff's complaint contain a paucity of details regarding this alleged debit and

how it occurred, but Plaintiff's briefing is flatly inconsistent with his Complaint. In his

Complaint, he states that, "[o]n or about May 2, 2011, Defendant Enterprise willfully and

deliberately charged the *Visa card* of the Plaintiff and extracted approximately $950 to defray the

cost [of] renting a vehicle that this plaintiff did not rent; and neither did he rent or cause a vehicle

or anything to be rented from the defendant." Compl. at 2 (emphasis added). Plaintiff further

states in his Complaint that "[t]he plaintiff did not authorize the defendant to access or otherwise

charge anything to his *Visa card*, did not rent a vehicle from the defendant, and did not enter into

any agreement with Defendant Enterprise." *Id.* (emphasis added). He also alleges that "[o]n or

about May 2, 2011, Defendant PNC Bank improperly allowed moneys to be taken under my

name from a checking account, with my name attached, and given to defray a debt that was

associated with my son, the result of a bogus claim from Equifax - - a claim that caused me to be

the debtor to Enterprise Rental, another defendant in this case." *Id.* at 4. While the meaning of

these allegations is far from clear, it appears that Plaintiff is alleging that, by charging a Visa card

issued in his name, Enterprise caused a debit in the amount of $950 to an account with Plaintiff

had with PNC Bank.

---

[4] As stated above, the Court fully incorporates the January 26, 2015, Memorandum Opinion,
ECF No. 46, in this Memorandum Opinion.

However, in Plaintiff's Opposition to Enterprise's Motion to Dismiss, Plaintiff contradicts these allegations. He states that, "[t]here is no such accusation that this petitioner's credit or debit card was used. The charge was an illegal debit to this petitioner's checking account for a car rental that this petitioner did not approve, rent, or cause to be rented." Pl.'s Opp'n at 2. He further states that "[t]he transaction was performed when a debit (not use of a card) was made to the PNC checking account." *Id.* That is, Plaintiff explicitly disclaims the use of a credit or debit card in causing the withdrawal from his account, but he does not identify any other plausible mechanisms by which Enterprise could have caused a debit to his account. This clarification constitutes the bulk of Plaintiff's Opposition to Enterprise's Motion to Dismiss, but in fact it confuses rather than clarifies Plaintiff's allegations.

In addition to Plaintiff's clarification regarding the use of a credit or debit card discussed above, the only argument that Plaintiff makes in response to Defendant's Motion to Dismiss is that cases against *pro se* litigants should not be dismissed prior to trial, citing to *Erickson v. Pardus*, 551 U.S. 89 (2007). However, as the Court explained above, while *Erickson* requires a Court to construe a *pro se* complaint liberally, *see* 551 U.S. at 94, nonetheless, "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton*, 567 F.3d at 681. Plaintiff has not done so here. Notably, Plaintiff never identifies any plausible legal basis for relief from Enterprise, either in his Complaint or in his subsequent briefing. Nor is any plausible legal basis for relief apparent to the Court from the pleadings.

Ultimately, in considering Plaintiff's Complaint together with his factual clarification in his Opposition to Enterprise's Motion to Dismiss, there are hardly any allegations with respect to Enterprise's conduct that remain viable. In effect, all that remains is the conclusory assertion that

Enterprise caused an unauthorized $950 debit from Plaintiff's account at PNC Bank on or about May 2, 2011—without the use of a debit or credit card and without any further indication how Enterprise might have caused such a debit. This is not enough to survive a motion to dismiss. The Court concludes that Plaintiff's Complaint fails to state a claim upon which relief may be granted with respect to Defendant Enterprise.[5] However, because the Court cannot say that "'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,'" dismissal of this claim with prejudice is not warranted. *Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012) (quoting *Belizan v. Hershon,* 434 F.3d 579, 583 (D.C. Cir. 2006)). Accordingly, the claim against Enterprise is DISMISSED WITHOUT PREJUDICE

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's [48] Motion for Reconsideration of Order in Favor of Defendant PNC Bank is DENIED and Defendant Enterprise's [38] Motion to Dismiss is GRANTED. The Court concludes that Plaintiff's Complaint fails to state a claim with respect to Enterprise. Accordingly, all claims against Enterprise are DISMISSED WITHOUT PREJUDICE. An appropriate Order accompanies this Memorandum Opinion.

Dated: August 13, 2015

          /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[5] Plaintiff's Opposition to Defendant Enterprise's Additional Pleading, effectively his sur-reply, does not present any additional arguments as to why dismissal is not warranted. Nor does it clarify the inconsistency between Plaintiff's Complaint and his explanation of the facts in his Opposition.